**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 29, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

No. 04-50796

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

RUBIN VICTOR LEAL,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

(2:03-CR-279-2-AML)

Before JONES, DeMOSS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ruben Victor Leal ("Leal") appeals the jury verdict convicting him of (1) one count of conspiring to commit offenses against the United States; (2) seventeen counts of making false, fictitious, or fraudulent claims; and (3) two counts of making false, fictitious, or fraudulent statements or material misrepresentations. 18 U.S.C. §§ 371, 287, 1001 (2000). Leal also challenges his sentence. We AFFIRM.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

All of Leal's convictions stem from his actions as a United States Postal Service ("USPS") employee. Leal was a Delivery Service Supervisor in charge of vehicle maintenance and repairs at the USPS postal facility in Del Rio, Texas. The indictment alleged that Leal conducted a conspiracy and committed subsequent offenses by engaging in various improprieties with Jose Hinojosa ("Hinojosa"), another USPS employee. Each count involved a scheme by which Hinojosa and Leal would submit invoices to the USPS that reflected charges for excessive labor, work not performed, unnecessary repairs, or unnecessary parts.

Leal's case proceeded to jury trial on twenty-one closely related counts. At the close of all the evidence, Leal moved for a judgment of acquittal on all counts, pointing to alleged deficiencies in the evidence relating to each count. The district court denied the motion, and the jury later convicted Leal on twenty of the twenty-one counts. Leal was sentenced to a twenty-seven-month term of imprisonment on each count, to run concurrently, and a three-year term of supervised release, and he was ordered to provide restitution in the amount of $3129.85. This timely appeal followed.

Leal challenges the sufficiency of the evidence as to all twenty counts. In reviewing a challenge to the sufficiency of the evidence, this Court asks whether a reasonable jury could have found that the evidence established the essential elements of the

crime beyond a reasonable doubt. *United States v. Martinez-Lugo*, 411 F.3d 597, 599 (5th Cir. 2005). The evidence, and any reasonable inference that can be drawn from it, is to be considered in the light most favorable to the jury verdict. *Id.* "[T]he evidence need not exclude every reasonable hypothesis of innocence," but a conviction is to be reversed "if the evidence construed in favor of the verdict gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the crime charged." *United States v. Miller*, 146 F.3d 274, 280 (5th Cir. 1998). After a thorough review of the briefs, oral arguments of the parties, and relevant portions of the record, we conclude that a reasonable jury could have found Leal guilty beyond a reasonable doubt on each count.

Leal also challenges his sentence under *United States v. Booker*, 125 S. Ct. 738 (2005). Because we have determined that Leal did not raise a constitutional challenge to his sentence below, we review Leal's sentence under the plain error standard. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). We will "correct an error the defendant failed to raise in the district court" only when "there is (1) error, (2) that is plain, and (3) that affects substantial rights." *Id.* (internal quotation marks omitted). Leal points to nothing in the record demonstrating that the district court would have reached a significantly different result "sentencing under an advisory scheme rather than

3

a mandatory one."  *See id.* at 521.  Thus, Leal has not satisfied the third prong of the plain error test.  *See id.*

**AFFIRMED.**